## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| KESWICK ASSOCIATES | : |  |
|  | : | Bankruptcy No. 13-19018-jkf |
| Debtor. | : |  |
|  | : |  |
|  | : |  |

### MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ISN BANK, F/K/A INTERSTATE NET BANK, N/K/A CUSTOMERS BANK, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 (a)

Movant, ISN Bank, f/k/a Interstate Net Bank, N/K/A Customers Bank ("Customers"), by and through its counsel, Klehr Harrison Harvey Branzburg LLP, submits the following Memorandum of Law in support of its Motion for Relief from Automatic Stay ("Motion for Relief").

### BACKGROUND

Customers incorporates by reference the averments of the Motion for Relief. As stated therein, on October 15, 2013 (the "Petition Date"), Keswick Associates (the "Debtor") filed a Petition under Chapter 11 of the Bankruptcy Code. The Debtor's Voluntary Petition states that it is a single asset real estate debtor. A true and correct copy of the Debtor's Voluntary Petition is attached hereto, made a part hereof and marked as Appendix "A". On November 26, 2013, Customers filed its Motion for Relief. Subsequent to the filing of the Motion for Relief, the ninety (90) day period following the Petition Date expired on January 15, 2014. Accordingly, in addition to the factual and legal bases for the relief form the automatic stay expressly stated in the Motion for Relief, cause also exists to vacate the stay pursuant to 11 U.S.C. § 362(d)(3).

## LEGAL ARGUMENT

**A.  In A Single Asset Real Estate Case, Stay Relief Is Mandatory Where The Debtor Has Failed To File A Plan That Has A Reasonable Possibility Of Being Confirmed Within A Reasonable Time.**

Section 362(d)(3) of the Bankruptcy Code provides that the automatic stay arising under § 362(a) shall be vacated if one of two conditions has not been met by the debtor within ninety (90) days after the commencement of a single asset real estate Chapter 11 case. These are the debtor's filing of a plan of reorganization "that has a reasonable possibility of being confirmed within a reasonable time" or the debtor's commencement of monthly payments in an amount equal to the interest due and payable to creditors holding liens on the real estate "at the then applicable non-default contract rate of interest on the value of the creditor's interest in the real estate". 11 U.S.C. § 362(d)(3)(A) and (B). Here, the Debtor has failed to satisfy either criterion.

It is undisputed that the Debtor has made only one post-petition payment--in the amount of $500.00. This nominal payment is certainly insufficient to satisfy the interest payment requirement set forth in § 362(d)(3)(B) of the Bankruptcy Code. By Stipulated Order of February 13, 2013, by and among Customers, the Debtor and others, entered in the Philadelphia Court of Common Pleas, the balance of the indebtedness under the Loan was fixed at $3,208,408.17, plus interest from December 26, 2012 at the rate of $515.798 per diem (the "Stipulated Order"). (A copy of the Stipulated Order is attached to the Motion.) Clearly, a $500 payment over a nearly four month period does not reflect accruing interest on a Loan with a balance in excess of $3.2 million.

Moreover, the ninetieth day from the Petition Date passed without the filing of any plan of reorganization and disclosure statement, let alone a plan "that has a reasonable possibility of being confirmed within a reasonable time". In fact, nearly four months have passed since the

2

Petition Date, and the Debtor has not filed a disclosure statement or plan of reorganization. Moreover, it does not appear that any confirmable plan of reorganization is imminent or likely.

**B.**     **Stay Relief is Consistent With Policy Considerations.**

Section 362(d)(3) remedies abuses which are typical of single asset real estate cases, particularly those filed for the purpose of frustrating an imminent foreclosure or other judicial sale. This purpose is manifest in the legislative intent of the statute. See, S. Rep. No. 168, 103d Cong., 1st Sess. (1993) ("This amendment will ensure that the automatic stay provision is not abused, while giving the debtor an opportunity to create a workable plan of reorganization."); 140 Cong. Rec. 10764 (daily ed. October 4, 1994) ("Without bankruptcy reform, companies, creditors and debtors alike will continue to be placed on endless hold until their rights and obligations are adjudicated under the present system, and that slows down new ventures, new extensions of credit and new investments"); See also, NationsBank, N.A. v. LDN Corp. (In re LDN Corp.), 191 B.R. 320, 327 (Bankr. E.D. Pa. 1996) (holding that § 362(d)(3) "was enacted to assist secured creditors in single asset real estate cases"). Here, the Debtor's Chapter 11 Petition was filed solely to stay the sheriff's sale of the mortgaged Property scheduled for later that month.

In enacting the single asset real estate provisions of the Bankruptcy Code, Congress sought to prevent the abuses associated with single asset real estate debtors languishing in Chapter 11. The balance struck by the drafters of those provisions afforded single asset real estate debtors the opportunity to propose a confirmable a plan or resuming debt service payments after a 90-day breathing spell. However, where the single asset real estate debtor is unable to service its secured debt or to propose a confirmable plan during that 90-day period, Congress's message to the bankruptcy courts was clear and unequivocal:  the Court must vacate the stay to permit real estate lenders to exercise their state law rights and remedies. The Debtor, a single

3

asset real estate debtor, has had a reasonable opportunity to formulate a confirmable plan and

has failed to do so. Accordingly, the Court must grant Customers' Motion for Relief.

## <u>CONCLUSION</u>

Cause exists for vacating the stay under § 362(d) to permit Customers to exercise its state

law rights and remedies under the Loan Documents. As set forth in the Motion, it is believed and

therefore averred that the value of the mortgaged Property has diminished since the inception of

the Loan and may continue to diminish during the post-petition period, while the Debtor's

indebtedness under the Loan Documents and Judgment (as more fully described in the Motion)

will increase post-petition as the Debtor is not making any further payments. (The Debtor has

made only a token payment in the amount of $500.00 subsequent to the Petition Date.) The

Debtor, a single asset real estate debtor, has failed to either make interest payments on its

obligation to Customers or file a disclosure statement and plan within ninety (90) days of the

Petition Date.  It is clear that no reorganization is presently in prospect.  Accordingly, the entry

of an Order vacating the automatic stay in favor of Customers is just and appropriate.

Respectfully submitted,

Dated: _____2-/18_____, 2014

KLEHR HARRISON HARVEY
BRANZBURG LLP


By:_____
     Francis M. Correll, Esquire
     Leona Mogavero, Esquire
     1835 Market Street, Suite 1400
     Philadelphia, PA 19103
     Phone No. (215) 569-2700
     fcorrell@klehr.com
     lmogavero@klehr.com

PHIL1 3416793v.1